## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MARK ANTHONY STEPHERSON and JAMAL EL TRUST, <br>     Plaintiffs, <br>            v. <br> ANTONY BLINKEN, *et. al.*, <br>     Defendants. | Civil Action No. <br> 1:22-cv-03547-SDG |

### OPINION AND ORDER

This matter is before the Court on a frivolity review of *pro se* Plaintiffs Mark Anthony Stepherson and JAMAL EL TRUST's (the Trust) (together, Plaintiffs) Complaint [ECF 1], as well as Plaintiffs' motion for interlocutory appeal [ECF 3]. After careful review of the pleadings and for the following reasons, Plaintiffs' motion for interlocutory appeal [ECF 3] is **DENIED as moot**, and the case is **DISMISSED**.

### I.     Background

Plaintiffs' Complaint is long and hard to follow. Essentially, Plaintiffs allege that Stepherson, an inmate at the United States Penitentiary, Atlanta, is not a citizen of the United States, but a Moorish sovereign citizen.[1] Plaintiffs allege Stepherson's "core private rights" were purportedly given up by his parents at

---

[1] ECF 1, at 11.

birth without his knowledge of "equitable maritime defenses," which Plaintiffs now raise.[2] Moreover, Plaintiffs maintain that Stepherson's birth name is merely a corporate entity registered in Michigan.[3] Plaintiffs derive many of their beliefs from historical treaties, though the treaties cited do not support Plaintiffs' assertions.[4]

Plaintiffs filed the Complaint against Defendants, whom Plaintiffs call "Persons worthy of Trust"—many of whom are government officials at the federal and state levels.[5] The Complaint is nearly incomprehensible, but Plaintiffs appear to request: (1) the acknowledgement of Stepherson as a Moor and not a citizen of the United States; (2) exoneration from any and all liability (from what is unclear); (3) injunctive relief from United States law; (4) any assets and debts due to Plaintiffs; and (5) the right to claim 90,999 acres of land of Stepherson's choosing.[6] Significantly, the Court notes that Plaintiffs refused to pay the filing fee and Stepherson (who is appearing *pro se*) refused to fill out an application to proceed

---

[2] *Id.*

[3] *Id.*

[4] *Id.* at 17–20.

[5] *Id.* at 6–11.

[6] *Id.* at 34–38.

*in forma pauperis* (IFP).[7] On September 21, Plaintiffs filed a motion for interlocutory appeal.[8] Plaintiffs' Complaint and the motion for interlocutory appeal are ripe for consideration.

## II.   Discussion

The Court recognizes Stepherson is appearing *pro se*. Thus, it must construe the Complaint leniently, and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even a *pro se* plaintiff must comply with the applicable law and the Court's rules. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Plaintiffs' case implicates at least three such rules.

### A.   Plaintiffs Failed to Pay the Requisite Filing Fee for Civil Actions.

A party instituting a civil action must pay a $402 filing fee to initiate it. 28 U.S.C. § 1914(a); LR 41.3(A), NDGa ("Advance payment of fees is required before the clerk will file any civil action, suit, or proceeding."). An individual may commence a suit without paying the fee if that person qualifies for IFP. 28 U.S.C. § 1915. To qualify for such status, a plaintiff must submit an affidavit including a

---

[7]   ECF 1; *see also* D.E. 9/2/2022; D.E. 9/15/2022; ECF 2.

[8]   ECF 3.

statement of all assets possessed and attest that he or she is unable to pay the filing fee. *Id.*

Plaintiffs did not pay the requisite filing fee charged to all non-IFP parties appearing before this Court in a civil matter, whether they are proceeding *pro se* or represented by counsel. Further, while Plaintiffs style Stepherson as a beneficiary of the Trust, it appears that the Trust is also a plaintiff in this case. Only natural persons, not corporate entities, are entitled to proceed IFP. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).

A court may dismiss a *pro se* plaintiff's complaint if he or she does not pay the filing fee or proceed IFP. *Fuller v. Terry*, 381 F. App'x 907 (11th Cir. 2010); *Shivers v. United States*, 427 F. App'x 697 (11th Cir. 2011) (reaffirming district court's conclusion that a *pro se* plaintiff who does not have IFP status must pay the filing fee or have their case dismissed). Therefore, the Court need not consider this case whatsoever. L.R. 41.3(A), NDGa; *Castro v. Dir., F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011) (affirming dismissal for failing to pay filing fee in civil action); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (discussing the Court's authority to dismiss an action for failure to follow the orders and rules of the Court).

### B. The Trust Cannot Represent Itself, and Stepherson Cannot Represent the Trust.

An entity can *only* appear through legal counsel, and cannot appear *pro se* or be represented by a *pro se* party. To the extent the Trust is a separate party to this action, a trust can act only through agents, cannot proceed *pro se*, and therefore, must be represented by counsel. *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020). *See also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."); LR 83.1(E)(2)(b)(I), NDGa ("[A] corporation may only be represented in Court by an attorney . . ."). Here, it appears Stepherson is trying to represent the Trust, or the Trust is trying to proceed *pro se*. Neither is allowed.

### C. Plaintiffs' Claims Are Frivolous.

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In such a case, a *sua sponte* dismissal by the Court is authorized under 28 U.S.C. § 1915(e)(2) prior to the issuance of process to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id. See also Ahumed v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-cv-2175-ODE-RGV, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011) ("[T]he

purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally similar to the one created by the financial disincentives that help deter the filing of frivolous lawsuits by paying litigants."). Here, Plaintiffs' complaint is frivolous because it is an impermissible shotgun pleading and, by virtue of the sovereign citizen theory it promotes, lacks an arguable basis in law or fact.

### 1. The Complaint Is an Impermissible Shotgun Pleading.

Shotgun pleadings occur when a plaintiff asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Johnson v. Belcher*, 564 F. Supp. 3d 1334, 1342 (N.D. Ga. 2021). Shotgun pleadings are unacceptable for many reasons, including that they result in unintelligible pleadings violating the basic specificity requirements of *Ashcroft v. Iqbal,* 556 U.S. 662, 687 (2009), and Fed. R. Civ. P. 8(a)(2), which requires that a pleading contain a short and plain statement of the claim showing the pleader is entitled to relief. *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356–58 (11th Cir. 2020).

Here, Plaintiffs fail to specify which defendants are responsible for the wrongs alleged in the Complaint. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792

F.3d 1313, 1321–23 (11th Cir. 2015). Plaintiffs simply listed alleged wrongs against them and then randomly identified Defendants. The Complaint never articulates how or what any Defendants specifically did to harm Plaintiffs.[9] Thus, Plaintiffs' shotgun-style pleading is impermissibly vague and fails to state a claim for which relief can be granted.

### 2. Plaintiffs' Claims Lack an Arguable Basis in Law or Fact.

Plaintiffs are attempting to proceed under a sovereign-citizen-type theory. Sovereign citizens "believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). From the facts Plaintiffs allege, they clearly meet this definition.

Courts routinely, summarily, and firmly reject sovereign citizen legal theories as "frivolous." *United States v. Sterling*, 738 F.3d 228, 233 (11th Cir. 2013) (citing *United States v. Benabe*, 654 F.3d 753, 761 (7th Cir. 2011) ("[Sovereign citizen] theories should be rejected summarily, however they are presented.")). The Court has thoroughly reviewed Plaintiffs' allegations and concludes that they fail to state

---

[9] *Id.*

a claim. Dismissal of this action would be warranted based on its legal insufficiency and the frivolity inherent in all sovereign citizen legal theories even if Plaintiffs had paid the filing fee. For this reason, too, the Court exercises its discretion to dismiss the case.

### D. Stepherson Has Amassed a "Strike" Under the Prison Litigation Reform Act.

Because Stepherson is a prisoner at a United States Penitentiary, his claims are subject to the Prison Litigation Reform Act (PLRA). The PLRA contains the so-called "three strikes rule":

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Courts in this Circuit understand that Section 1915's plain text "only allows a prisoner to file three meritless suits" before he "must pay the full filing fee at the time he initiates suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). And the Supreme Court has noted that Congress intended the PLRA's provisions to

"discourage prisoners from filing claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998).

Stepherson's decision not to pay the filing fee or apply to proceed IFP might have been an attempt to evade the "three strikes rule." However, the PLRA is concerned with the merit of a plaintiff's claims, not whether he dodged the necessary paperwork to proceed at a reduced cost. Because Stepherson's case is frivolous, he has amassed a "strike."

### III. Conclusion

This case is **DISMISSED**. Plaintiffs' motion for interlocutory appeal [ECF 3] is **DENIED as moot**. Plaintiffs are **ADVISED** that the Trust must pay the requisite filing fee if it seeks to proceed in this Court in the future, or the case will not be docketed. If Stepherson seeks to proceed in this Court, he must pay the filing fee or apply to proceed IFP.

**SO ORDERED** this 30th day of March, 2023.

_____
Steven D. Grimberg
United States District Court Judge